

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRIS RYAN JACKSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-832-A |
| | § | (No. 4:00-CR-250-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

On November 28, 2006, movant, Chris Ryan Jackson, filed his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The government filed its response in opposition on March 9, 2007, and movant filed his reply to the government's response on March 20. On May 1 the court discovered that on March 5 movant had tendered to the clerk of court for filing the original and copy of a document that movant intended to be an amended motion. For some reason not apparent to the court, the document tendered on March 5 was not filed. On May 1 the court ordered the document filed effective March 5, ordered the government to answer the amended motion by May 21, and allowed movant until May 31 to serve a reply. The government filed its response in opposition to the amended motion on May 21. The court is treating the amended motion filed as of March 5, the government's response in opposition thereto, and

movant's reply to the response as the operative documents to be dealt with in resolving this motion under 28 U.S.C. § 2255.[1]

After having considered the motion, as amended, the government's response in opposition thereto, defendant's reply, the record as a whole, and applicable authorities, the court has concluded that the motion should be denied.

I.

The Indictment, Conviction, and Sentence

Movant's criminal case was tried to a jury on June 30, 2003. The jury found movant guilty of all charges against him in a four-count indictment--first, that he possessed a firearm on December 17, 1999, after having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); second, that he possessed a firearm on December 17, 1999, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); third, that he possessed on December 17, 1999, with intent to distribute, approximately thirty grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] On April 24, 2007, movant filed a duplicate of the item the court has referred to as the amended motion that was filed as of March 5. The April 24 filing was denied as moot in the May 1 order mentioned above (in which the April 24 filing was once incorrectly referred to as a filing on March 24). On May 3 movant filed, without first obtaining leave of court, another version of the document that was filed as of March 5. The May 3 filing was accompanied by a cover letter to the clerk from movant saying that he was resubmitting the document because he made a mistake with the page numbers. The court is not giving any effect to the May 3 filing. As indicated above, the court is deciding the action based on the March 5 filing, the government's response in opposition thereto, and movant's reply to that response.

(b)(1)(B)(iii); and, fourth, that he possessed a firearm on May 8, 2000, after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). On October 31, 2002, movant was sentenced to 120 months' imprisonment as to each of Counts 1 and 4, 168 months as to Count 3, and 60 months as to Count 2, with the sentences of imprisonments as to Counts 1, 2, and 3 to run concurrently with each other and the sentence on Count 2 to be served consecutively to the other sentences. Also, the court imposed a term of supervised release of three years, to commence upon movant's discharge from prison, as to each of the counts, to run concurrently with each other.

Movant appealed to the United States Court of Appeals for the Fifth Circuit, complaining of his sentences and his conviction as to the § 924(c) count. The Fifth Circuit affirmed the conviction and sentences on June 24, 2005. Movant's petition for writ of certiorari was denied by the Supreme Court on November 28, 2005. <u>Jackson v. United States</u>, 126 S. Ct. 767 (2005).

## II.

### The Grounds of the Motion, and the Court's Rulings Thereon

A.  <u>The Use of Cocaine Base in the Guideline Calculations</u>.

Several of movant's grounds, while unusually worded, actually complain of the use of a quantity of cocaine base for the calculation of his offense level and his sentencing ranges under the guidelines. He alleges that the indictment is defective because it failed to charge cocaine base; that his

trial counsel was ineffective because of his failure to challenge a constructive amendment to the indictment by adding cocaine base; that he is actually, factually, and legally innocent of the cocaine base offense not charged in the indictment; and, that his appellate counsel was ineffective in failing to complain of use of cocaine base in the sentencing process and in failing to advance an argument on appeal that appellant was actually, factually, and legally innocent of an offense involving cocaine base, not charged in the indictment.  Viewing these allegations for what they really are, movant is complaining of a misapplication of the sentencing guidelines, a matter that is not cognizable on collateral review.  United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

Even if the court were to view movant's complaints concerning cocaine base as being a legitimate complaint that the indictment was defective because it failed to charge cocaine base, the court would conclude that the claim is procedurally barred because movant failed to raise it in the trial court or on a direct appeal.  Movant is prohibited from raising an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error.² United States v. Frady, 456 U.S. 152, 167-68 (1952); United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991).  Movant has not made such a showing.  He has not shown that any

---

²Movant does not claim to come within the "actual innocence" narrow exception described in United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991).

4

"objective factor external to the defense" impeded his efforts to raise the issue as required by procedural rules, <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991), nor has he shown that the matter of which he complains "worked to his <u>actual</u> and substantial disadvantage, infecting his entire [criminal] trial with error," <u>Frady</u>, 456 U.S. at 170.

The fact is that the indictment was not defective. The quantity of the drug involved need only be alleged in the indictment and found by the jury when a defendant is sentenced under the higher statutory maximum authorized under subsections (b)(1)(A) and (b)(1)(B) of 21 U.S.C. § 841. <u>United States v. Meshack</u>, 225 F.3d 556, 575-76 (5th Cir. 2000), <u>overruled on other grounds</u> by <u>United States v. Longoria</u>, 298 F.3d 367, 373-74 (5th Cir. 2002). Movant was not sentenced under the higher statutory maximum.

The indictment charged defendant with, and he was convicted of, possession with intent to distribute cocaine. Cocaine base is cocaine. <u>See</u> <u>United States v. Deitsch</u>, 20 F.3d 139, 152 (5th Cir. 1994), <u>overruled on other grounds</u> by <u>United States v. Doggett</u>, 230 F.3d 160, 165 (5th Cir. 2000). The difference between cocaine base and powder cocaine came into play as to movant when application was made of the sentencing guidelines. Thus, we complete the circle. Movant actually is complaining of application of the sentencing guidelines, which he cannot do on collateral review.

5

B.  <u>Movant's Claim that he is Actually, Factually, and Legally Innocent of Possessing with Intent to Distribute 20.2 Grams of Cocain Base</u>.

Movant asserts a claim of innocence but does not explain why he believes that he is actually, factually, and legally innocent. There is sufficient evidence in the record to support a finding beyond a reasonable doubt that movant possessed with intent to distribute 20.2 grams of cocaine base.

C.  <u>Movant's Claims of Ineffective Assistance of Counsel are Without Merit</u>.

In order to prevail on an ineffective assistance of counsel ground, petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. Here, the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. <u>Baldwin v. Maggio</u>, 704 F.2d 1325, 1329 (5th Cir. 1983), <u>cert. denied</u>, 467 U.S. 1220 (1984).

Movant's ineffective assistance of counsel allegations are purely conclusory. No facts are alleged that would enable the court to make a finding that his counsel engaged in any act or

6

omission that was not the result of reasonable professional judgment. Nor is any allegation made that would enable the court to conclude that any conduct on the part of his counsel prejudiced movant. He has made no showing that there is a reasonable probability that the result of his trial would have been different if his counsel had done whatever movant contends counsel should have done. See Strickland, 466 U.S. at 693-94. The court is satisfied that movant's counsel conducted themselves appropriately in their representation of movant, and that if they had acted as movants would have had them act, counsel would have taken unmeritorious positions on movant's behalf. Counsel cannot have been deficient for failing to raise unmeritorious legal issues. Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).

*   *   *   *   *

Therefore, for the reasons given above,

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED June 18, 2007.

_____
JOHN McBRYDE
United States District Judge